**JESSE S. KAPLAN   CSB# 103726**
**5441 Fair Oaks Bl. Ste. C-1**
**Carmichael, CA   95608**
**(916) 488-3030**
**(916) 489-9297 fax**

**Attorney for Plaintiff**
**LAMAN MARTIN**

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA
-o0O0o-

| | | |
|---|---|---|
| **LAMAN MARTIN,** | ) | No.   2:22-cv-0929-JDP |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **STIPULATION AND** |
| **v.** | ) | ~~**PROPOSED**~~ **ORDER** |
| | ) | **APPROVING SETTLEMENT** |
| **Martin O'Malley,** | ) | **OF ATTORNEY FEES UNDER** |
| **COMMISSIONER OF SOCIAL** | ) | **THE EQUAL ACCESS TO** |
| **SECURITY,** | ) | **JUSTICE ACT [28 U.S.C.** |
| | ) | **§2412(d)]** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

THE PARTIES STIPULATE through the undersigned, subject to the approval of the Court, that plaintiff be awarded attorney fees in the amount of Fifteen Thousand Dollars ($15,000.00) under the *Equal Access to Justice Act,* 28 U.S.C. §2412(d) and that there will be no award of costs. This will represent compensation for all legal services rendered by counsel for

plaintiff in this civil action, both in district court and the Court of Appeals, and in accordance with that statute.

Under *Astrue v. Ratliff,* 130 S.Ct. 2521, 2528—29 (2010), *EAJA* fees awarded by this Court belong to the plaintiff and are subject to offset under the Treasury Offset Program (31 U.S.C. §3716©(3)(B) (2006)). Any *EAJA* fees should therefore be awarded to plaintiff and not to plaintiff's attorney. If, after receiving the Court's *EAJA* fee order, the Commissioner (1) determines that plaintiff has assigned her right to *EAJA* fees to his attorney, (2) determines that plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program, and (3) agrees to waive the requirements of the Anti-Assignment Act, then the *EAJA* fees will be made payable to plaintiff's attorney, Jesse S. Kaplan. However, if there is a debt owed under the Treasury Offset Program, the Commissioner cannot agree to waive the requirements of the Anti-Assignment Act, and the remaining *EAJA* fees after offset will be paid by a check or electronic fund transfer (EFT) made out to plaintiff but delivered to plaintiff's attorney.

This stipulation constitutes a compromise settlement of plaintiff's request for *EAJA* fees and not an admission of liability of defendant under the *EAJA*. Payment of this agreed amount shall constitute a complete release and bar of plaintiff and her counsel regarding *EAJA* fees relating to this action. This award is without prejudice to plaintiff's counsel's right to fees under 42 U.S.C. §406(b), subject to the savings clause provisions of the *EAJA*.

Dated:  August 9, 2024                                    /s/   Jesse S. Kaplan

                                                                                                   JESSE S. KAPLAN
                                                                                                   Attorney for Plaintiff

Dated:  August 12, 2024                                  /s/ per email authorization

SHEA L. BOND
Special Assistant U.S. Attorney
Attorney for Defendant

## ORDER

GOOD CAUSE APPEARING from the foregoing stipulation, IT IS ORDERED that plaintiff is awarded attorney fees pursuant to the *EAJA* in accordance with this stipulation and plaintiff's motion for fees, ECF No. 31, is denied as moot.

IT IS SO ORDERED.

Dated:   August 13, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE